UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| IN RE: ) | |
| QUANTUM DEVELOPMENT CHARLOTTE, LLC ) | CASE NO. 22-30113 |
| ) | CHAPTER 11 |
| Debtor. ) | |
| ) | |

### EX PARTE MOTION TO SHORTEN NOTICE OF HEARING, AND TO SCHEDULE HEARING ON EMERGENCY MOTION FOR TURNOVER

**COMES NOW** the Debtor, Quantum Development Charlotte, LLC (hereinafter "Debtor"), debtor-in-possession in this Chapter 11 case, and moves the Court for entry of an order, ex parte, to limit notice of hearing on an emergency motion for turnover filed by the Debtor in this case, and further to schedule an expedited hearing on that motion. In support of this motion, the Debtor would show the Court the following:

1. On March 15, 2022 the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code, Sub-Chapter V, in this Court. The Debtor is operating its business consisting of three (3) Mexican Restaurants and (1) sports bar, as debtor-in-possession.

2. Over ninety-five percent (95%) of the revenue of the Debtor from its four restaurants consists of credit and debit card charges, and payments made by customers to delivery services for delivered food. The cash aspect of the revenue of the Debtor is less than five percent (5%) of its revenue.

3. Credit and debit card charges made at the restaurants of the Debtor are cleared through an entity known as Toast, Inc. which receives the charge information, clears that information, collects the amounts due, and then (after deducting its reasonable commission) deposits the funds into the bank account of the Debtor.

4. In connection with delivery of food, delivery services such as Uber Eats, Chow Now, and DoorDash pick up food from the restaurants of the Debtor and then deliver it to customers who have ordered those items. The payments are received by the delivery company which then transfers that information to Stripe, Inc., a service which, similar to Toast, Inc., collects the charges and clears the accounts, with the net amount (exclusive of a commission to Stripe, Inc., and charges of the delivery service) deposited into the account of the Debtor.

5. Stripe, Inc. has received demands and claims from an alleged creditor of the Debtor demanding that it turn over all funds due to the Debtor to it (the alleged creditor) pursuant to a so-called Merchant Cash Advance Agreement.

6. The alleged creditor who has made such demands upon Stripe, Inc., causing that entity to refuse to deliver funds to the Debtor, is Diesel Funding, LLC.

7. Undersigned counsel has made demand upon counsel for Diesel Funding, LLC to withdraw its claims and notices to allow the funds being held to be deposited to the Debtor's account, which said request by undersigned counsel has been refused.

8. The Debtor has filed a motion for turnover of funds held by Stripe, Inc.

9. The Debtor was unable to pay its employees for the payroll that was due and payable on Wednesday,

March 23, 2022, due to the refusal of Stripe, Inc. (based on the demands of Diesel Funding, LLC) to deposit funds into the Debtor's account.

10. As shown in the motion for turnover, the amount held by Stripe, Inc. is approximately $38,825.

11. Additionally, without the receipt of funds from Stripe, Inc. from the delivery transactions, the Debtor is unable to pay for food to be prepared at its restaurants.

12. The Debtor has electronic transmission information for Stripe, Inc., and counsel for Diesel Funding, LLC, and has communicated with those parties by e-mail previously, to request that their demands be withdrawn.

13. Additionally, the funds being held are subject to a first lien security interest of Woodforest National Bank, which said lien and security interest would be ahead of and superior to any secured claim of any other creditor.

14. The Debtor will soon file a motion to use cash collateral of Woodforest National Bank, and undersigned counsel has been in contact with counsel for Woodforest National Bank concerning the filing of that motion and the use of cash collateral.

**WHEREFORE,** the Debtor requests that the Court enter its order scheduling an immediate hearing on its motion for turnover as to Stripe, Inc., and that any notice period be shortened accordingly.

This the 25th day of March, 2022.

LAW OFFICE OF R. KEITH JOHNSON, P.A.

*/s/ R. Keith Johnson*
R. Keith Johnson
1275 S. NC Bus. Hwy. 16
Stanley, NC 28164
(704) 827-4200
NCSB 8840